UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMARN OLSEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | Case No. 14-cv-05601-SI<br><br>**ORDER RE: SECOND DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 43 |

Now before the Court is a discovery dispute letter submitted by the parties. Docket No. 43. This is the second discovery dispute in this case. *See* Docket No. 30.

## BACKGROUND

Plaintiffs are the surviving wife and daughter of Sterling Charles Olsen, who died on November 22, 2012. Corrected Complaint ¶¶ 3-4, 6. They bring this suit for wrongful death against the United States under the Federal Tort Claims Act. *Id*. ¶ 1. Among other relief, they seek "[p]ast and future damages for the loss of the support, earnings, services, and financial benefits from Decedent . . . ." *Id*. at 4.

Presently at issue is whether plaintiffs must disclose their tax returns to defendant United States. Defendant has sought all of plaintiffs' tax returns filed since 2009. Letter Brief at 1. Defendant argues that the tax returns should be disclosed because no privilege applies and because "Plaintiffs have claimed lost income and financial support as a form of damages." *Id*. at 2. Plaintiffs argue that such information should be protected from disclosure due to the public policy disfavoring disclosure of tax returns and because plaintiffs have not put their income at issue in this case. *Id*. at 3-4.

**LEGAL STANDARD**

Where a plaintiff sues under the Federal Tort Claims Act, federal privilege law governs. *Young v. United States*, 149 F.R.D. 199, 204 (S.D. Cal. 1993); *accord. Burrows v. Redbud Cmty. Hosp. Dist.*, 187 F.R.D. 606, 608 (N.D. Cal. 1998). Under federal law, "[t]ax returns do not enjoy an absolute privilege from discovery." *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). Nevertheless, there is a public policy against the unnecessary public disclosure of tax records. *Id.* "Accordingly, the Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available." *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003). "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (citation omitted); *accord Dunfee v. Truman Capital Advisors, LP*, 2013 U.S. Dist. LEXIS 165936, at *10 (S.D. Cal. Nov. 20, 2013)*; KeyBank Nat'l Ass'n v. Nielson*, 2011 U.S. Dist. LEXIS 55575, at *9 (D. Nev. May 24, 2011).

**DISCUSSION**

Defendant has failed to show that the requested tax returns are relevant. Defendant argues that "Plaintiffs have claimed lost income and financial support as a form of damages." Letter Brief at 2. This is not entirely accurate. This is not a situation where a plaintiff claims to have lost his or her *own* income as a result of a defendant's conduct. Plaintiffs here have not put their own income at issue; rather they have put at issue the earnings and income of the decedent, Mr. Olsen. *See* Corrected Complaint ¶ 14 ("Plaintiffs have suffered and in the future will suffer damages for the loss of support, earnings, services, and financial benefits *from Decedent* . . . .") (emphasis added).

The Court therefore disagrees with defendant that "[w]hether either one of them has sought employment since his death is . . . an important question in the case." *See* Letter Brief at 2. Mr. Olsen's daughter, plaintiff Neolani Olsen-Rodriguez, asserts that the support she received from her

father was in the form of gifts such as help paying for cars, clothes, and tuition. *Id*. at 3-4. Such gifts would not necessarily appear on Ms. Olsen-Rodriguez's tax returns nor be impacted by her employment status before or after his death. Plaintiff Samarn Olsen, Mr. Olsen's surviving spouse, apparently received some of Mr. Olsen's financial benefits for his care and support. *Id*. at 4. Mrs. Olsen has enumerated these benefits in the discovery letter. *Id*. Presumably defendant United States already possesses information regarding what federal benefits Mr. Olsen was receiving, and such information would not change based on Mrs. Olsen's employment status before or after his death.

It is also not clear that the information defendant seeks—regarding plaintiffs' income and employment status—is not available from other sources. The discovery letter indicates that defendant has already taken plaintiffs' depositions and received interrogatory responses on the topic of plaintiffs' earnings and employment in recent years. *Id*. at 2. Defendant therefore has whatever statements plaintiffs have already made as to their income and employment. If the statements are inconsistent, as defendant alleges, defendant may use those inconsistencies for impeachment at trial. It does not need tax returns "to verify or disprove" the statements that plaintiffs have already made under oath. *See id*. at 2. Defendant has not made a showing of relevance, and public policy weighs against disclosure of plaintiffs' tax returns in this instance.

## CONCLUSION

For the foregoing reasons, defendant's request to compel the disclosure of plaintiffs' tax returns is DENIED.

**IT IS SO ORDERED**.

Dated: March 1, 2016

SUSAN ILLSTON
United States District Judge

3